IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JACKIE McLEOD, # 116274-A,    )
                              )
    Petitioner,                )
                              )
    v.                         )   Civil Action No.
                              )   2:91cv02-MHT
E.L. HARRELSON, et al.,       )        (WO)
                              )
    Respondents.               )

OPINION

Before the court are two pro se motions filed on April 4 and May 1, 2013, by petitioner Jackie McLeod, an Alabama inmate, in which he purports to seek relief under Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.  Doc. Nos. 72 and 74.[1]  In both motions, he contends that a 1994 judgment of this case dismissing a 28 U.S.C. § 2254 petition for habeas corpus relief he filed in 1991 is void.  Id.  In the second of these motions, he also asserts claims attacking his state

---

    1. Unless otherwise indicated, references to documents numbers ("Doc. No.") are to those assigned by the Clerk of Court in the instant case, Civil Action No. 2:91cv02-MHT.  Page references to pleadings are to those assigned by CM/ECF.

convictions for four counts of cocaine distribution and the resulting sentence of life imprisonment as a habitual felony offender entered against him in 1989. Doc. No. 74 at 3-7.

## I.  BACKGROUND

In January 1991, McLeod filed a § 2254 habeas petition in this court challenging the convictions and sentence imposed by the state trial court in 1989. Doc. No. 2. He raised a total of 25 claims in the habeas petition. On December 1, 1992, the magistrate judge entered a recommendation that McLeod's habeas petition be denied, reaching the merits of nine claims and dismissing the remaining claims on procedural default grounds. Doc. No. 50. The district court adopted the recommendation of the magistrate judge and entered judgment against McLeod on December 18, 1992. Doc. No. 52.

McLeod appealed, and, on June 17, 1994, the Eleventh Circuit Court of Appeals affirmed in part but reversed

this court's holding that most of McLeod's claims were procedurally defaulted, and the appellate court remanded the case to this court for further proceedings.[2]  McLeod v. Harrelson, No. 93-6039, 26 F.3d 1121 (11th Cir. 1994) (Table).  Following remand, the magistrate judge, on October 5, 1994, entered a recommendation that McLeod's habeas petition should be dismissed without prejudice to allow him to return to state court to exhaust his unexhausted claims.  Doc. No. 67.  This district court adopted the recommendation of the magistrate judge and entered a judgment dismissing the habeas petition without

---

   2.  This court had concluded the claims, which McLeod initially raised in several state post-conviction petitions, were procedurally defaulted because McLeod failed to appeal from the denial of his first state post-conviction petition and his subsequent state post-conviction petitions had been dismissed as successive. The Eleventh Circuit found that, because McLeod's direct appeal was pending when his first state post-conviction was denied, the trial court lacked jurisdiction, under former Rule 20, Ala.R.Crim.P. Temp., to rule on the first state post-conviction petition. Consequently, there had been no actual ruling on the merits of the first state post-conviction petition, and the subsequent state post-conviction petitions were not successive.

prejudice on November 17, 1994. Doc. No. 71. McLeod did not appeal that judgment.

Although McLeod purports in his instant motions to challenge "the District Court Magistrate Judge (John L. Carroll) court order ruling on or about September 20, 1994, dismissing petitioner['s] 2254 habeas petition without prejudice," Doc. No. 72 at 1; Doc. No. 74 at 1, no such order was entered by the magistrate judge or the district court on that date. It appears that the correct date of the ruling of this court under attack by McLeod is November 17, 1994, the date on which this court adopted the recommendation of the magistrate judge and entered an order dismissing McLeod's habeas petition without prejudice to allow him to return to state court to exhaust his unexhausted claims.

## II .DISCUSSION

As noted, McLeod purports to seek relief under Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.

4

He asserts that this court's 1994 judgment dismissing without prejudice the § 2254 habeas petition he filed in January 1991 is void because the court "lacked jurisdiction and authority" to enter such a judgment after the Eleventh Circuit remanded his petition to this court for further proceedings in light of its holding that this court had erred in finding that most of McLeod's claims were procedurally defaulted.

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. Fed.R.Civ.P. 1.

A party may seek relief from judgment under subpart (b)(4) of Rule 60 if the judgment was "void," that is, the district court lacked jurisdiction to enter it. Fed.R.Civ.P. 60(b)(4). Subpart (b)(6) of Rule 60

5

provides for relief from judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Motions brought under subparts (b)(4) and (b)(6) "must be made within a reasonable time ... after the entry of the judgment or order or the date of the proceeding" challenged. Fed.R.Civ.P. 60(c)(1).

Here, McLeod attacks a judgment of this court that is over 18 years old. He has given no reason for his lengthy delay. Under the circumstances, the court finds that his motions were not filed within a reasonable time after entry of the judgment he challenges and are therefore untimely. Consequently, his motions for relief under Rule 60(b)(4) and (6) are due to be dismissed on this ground. See, e.g., Soloman v. United States, 300 Fed. App'x 857, 858-59 (11th Cir. 2008) (Rule 60(b) motion on denial of § 2255 motion denied because petitioner "failed to file his motion for relief within a reasonable time, and he did not provide any explanation for the [nine-year] delay" in filing motion); BUC Int'l Corp. v.

6

<u>International Yacht Council, Inc.</u>, 517 F.3d 1271, 1275 (11th Cir. 2008) (in deciding what is a "reasonable time" to file a Rule 60(b) motion, the court "must consider the circumstances of each case to determine 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner'").

Moreover, McLeod has not presented any evidence supporting his assertion that this court's 1994 judgment is void.  "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation and quotation marks omitted). McLeod has not raised any reasonable arguments suggesting that this court lacked jurisdiction in this case or that it acted in a manner inconsistent with due process of law.  "A judgment is not void ... simply because it is or may have

7

been erroneous. Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, __, 130 S.Ct. 1367, 1377 (2010) (citation and quotation marks omitted).

McLeod also fails to point out any error in this court's judgment. As indicated, the Eleventh Circuit remanded McLeod's habeas petition to this court for further proceedings. In light of the Eleventh Circuit's opinion, this court concluded that his petition contained claims that were unexhausted in the state courts, and this court dismissed the petition without prejudice to allow McLeod to pursue his state-court remedies. McLeod does not show how this ruling was erroneous.[3] For the

---

3. Any suggestion by McLeod that he was deprived of
(continued...)

reasons set forth, then, this court concludes that McLeod fails to demonstrate a basis for relief under Rule 60(b)(4).[4]

In one of McLeod's motions under consideration, Doc. No. 74, he not only presents claims that challenge this court's 1994 judgment with regard to his January 1991 habeas petition, but he also attack his convictions for four counts of cocaine distribution and the resulting sentence of life imprisonment entered against him in 1989.  Doc. No. 74 at 3-7.  It is well settled, however,

---

3. (...continued)
an opportunity to have his claims heard would be disingenuous.  When he returned to state court, he filed an amended state post-conviction petition raising 12 grounds for relief.  Counsel was appointed to represent him, and an evidentiary hearing was held.  The state trial court then considered all the issues McLeod had raised in his January 1991 habeas petition and those in his amended state post-conviction petition. Subsequently, McLeod filed several more § 2254 habeas petitions in this court challenging the same convictions and sentence.

4. McLeod makes no attempt to set forth "any other reason that justifies relief," as provided in Rule 60(b)(6).  Thus, he also fails to demonstrate a basis for relief under Rule 60(b)(6).

that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

The court's records reflect that, in September 1995, McLeod filed a § 2254 habeas petition challenging these same state-court convictions. See McLeod v. Sutton, Civil Action Nos. 1:95cv1181-WHA, and 1:95cv1219-WHA (M.D. Ala. Oct. 24, 1996). In that habeas action, this court determined that his petition was due to be denied because he had procedurally defaulted on each of his claims for relief and had failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. McLeod v. Sutton, Civil Action Nos. 1:95cv1181-WHA (Doc. Nos. 31 and 33).

Where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief--that is, "an asserted federal basis for relief from a ... judgment of conviction"--is in

substance a successive petition for habeas relief. Gonzalez v. Crosby, 545 U.S. 524, 529-34 (2005). Consequently, to the extent McLeod presents claims attacking his state convictions, his instant pleading, Doc. No. 74, is due to be treated as a successive § 2254 petition, despite his having designated the motion as one seeking relief under Rule 60(b)(4).[5]  See id.. At 531-32.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive

---

5. For purposes of the successive-petition rules, McLeod's 1991 habeas petition does not "count" as his initial § 2254 petition because this court dismissed that petition without prejudice. The habeas petition McLeod filed in September 1995 is his initial § 2254 petition for purposes of the successive-petition rules. In addition to his previous § 2254 habeas petitions, McLeod also attacked his convictions and sentence in a pleading filed in July 2009 styled as a "2241 Petition for Writ of Habeas Corpus," McLeod v. Culliver, Civil Action No. 1:09cv634-ID (Doc. No. 1), and again in a pleading filed in December 2010, where McLeod purported to seek relief under Fed.R.Civ.P. 60(b)(6) or, in the alternative, 28 U.S.C. § 2241, McLeod v. Patterson, Civil Action No. 1:10cv1074-ID (Doc. No. 1). As is the case with McLeod's instant pleading, this court deemed McLeod's 2009 and 2010 challenges to be the functional equivalent of 28 U.S.C. § 2254 petitions. See Civ. Action No. 1:09cv634-ID (Doc. Nos. 20, 23, and 24); Civ. Action No. 1:10c1074-ID (Doc. Nos. 3-5).

11

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

McLeod has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas corpus relief under 28 U.S.C. § 2254.  This court therefore lacks jurisdiction to grant him relief to the extent he presents claims attacking his state convictions.  See Gilreath v. State Board of

<u>Pardons and Paroles</u>, 273 F.3d 932, 933 (11th Cir. 2001);

<u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997).

           ***

 An appropriate order denying relief will be entered.

 DONE, this the 28th day of May, 2013.

          <u> /s/ Myron H. Thompson </u>
          **UNITED STATES DISTRICT JUDGE**