IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, # 116274-A, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:91cv2-MHT |
| ) | (WO) |
| E.L. HARRELSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jackie McLeod ("McLeod"), an Alabama inmate, has filed a pleading seeking relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Doc. No. 87.) McLeod challenges state convictions for four counts of cocaine distribution, and the resulting sentence of life imprisonment, entered against him in May 1989 by the Circuit Court for Houston County, Alabama. He claims that the trial court in his case lacked jurisdiction to grant his motion to proceed *pro se* and that, consequently, the trial court lacked jurisdiction to enter a judgment of conviction and impose sentence. For the reasons that follow, McLeod is not entitled to any relief from this court.

**I.   DISCUSSION**

In the instant pleading, McLeod attacks the fundamental legality of his convictions and sentence. The pleading, however, suffers from a significant infirmity: Fed.R.Civ.P. 60(b)(4) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule

60(b) simply does not provide for relief from judgment in a criminal case."); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). The Federal Rules of Civil Procedure govern "suits of a civil nature." Fed.R.Civ.P. 1. Although Fed.R.Civ.P. 60 may be used in limited circumstances to set aside habeas denials,[1] *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), McLeod's instant pleading clearly attacks the convictions and sentence imposed in the state criminal proceeding against him and raises no challenge to the ruling of this court in any prior action for habeas corpus relief.

This court's records indicate that, in September 1995, McLeod filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same convictions and sentence he challenges by his present pleading. *See McLeod v. Sutton, et al.*, Civil Action Nos. 1:95cv1181 & 1:95cv1219 (M.D. Ala. Oct. 24, 1996). In that previous habeas action, this court determined that McLeod's petition was due to be denied because he had procedurally defaulted on each of his claims for relief and had failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See* Civil Action No. 1:95cv1181 - Doc. Nos. 31 & 33. In *Gonzalez*, *supra*, the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for relief from a ... judgment of conviction" – is in substance a successive petition for habeas relief. *See* 545

---

[1] "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

U.S. at 529-32. McLeod's allegations – by which he challenges the trial court's jurisdiction to grant his motion to proceed *pro se* and to enter a judgment of conviction and impose sentence – present "claims" for relief from a judgment of conviction within the meaning of *Gonzalez*. Consequently, McLeod's instant collateral attack on his convictions and sentence must be treated as a successive § 2254 petition, despite McLeod's having designated his pleading as one seeking relief under Fed.R.Civ.P 60(b)(4).[2] *See Gonzalez*, 545 U.S. at 531-32.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the instant pleading filed by McLeod that he has not received an order

---

[2] In addition to his previous § 2254 habeas petition, McLeod also attacked his convictions and sentence in a pleading filed in July 2009 styled as a "2241 Petition for Writ of Habeas Corpus" (*see* Civ. Action No. 1:09cv634-ID, Doc. No. 1), and again in a pleading filed in December 2010, where McLeod purported to seek relief under Fed.R.Civ.P. 60(b)(6) or, in the alternative, 28 U.S.C. § 2241 (*see* Civ. Action No. 1:10c1074-ID, Doc. No. 1). As is the case with McLeod's instant pleading, this court deemed McLeod's 2009 and 2010 challenges to be the functional equivalent of 28 U.S.C. § 2254 petitions. *See* Civ. Action No. 1:09cv634-ID, Doc. Nos. 20, 23, and 24; Civ. Action No. 1:10cv1074-ID, Doc. Nos. 3-5.

3

from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief under 28 U.S.C. § 2254. Because this undertaking is a successive habeas corpus petition and because McLeod has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Consequently, the instant petition for habeas corpus relief is due to be summarily dismissed. *Gilreath*, 273 F.3d at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the instant petition (Doc. No. 87) be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McLeod has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before **October 9, 2013,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of September, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE